UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR M. ACUNA,

    Plaintiff,

    v.

NNENNA IKEGBU, et al.,

    Defendants.

Case No. 14-cv-03651-JCS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed under 42 U.S.C. § 1983 by a pro se state prisoner. After review of the complaint pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an amended complaint on or before January 25, 2015.[1]

## DISCUSSION

**A.   Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks

---

[1] Plaintiff consented to magistrate judge jurisdiction. The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prisoners action under 42 U.S.C. § 1983 as frivolous without consent of defendants because they had not been served and therefore were not parties).

monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges that several persons at CSP-Sacramento and Pelican Bay State Prison provided constitutionally inadequate health care when he sought treatment for his injured foot.

**1.  CSP-Sacramento Defendants**

The events giving rise to the CSP-Sacramento claims occurred in the Eastern District of California and therefore must be heard in that district. Accordingly, plaintiff's claims against the warden of CSP-Sacramento; Andrew Nangalam, a doctor at CSP-Sacramento; and the Doe defendants at CSP-Sacramento are DISMISSED without prejudice and these persons are TERMINATED as defendants in this action. If plaintiff wishes to pursue his claims against these defendants, he must file a civil rights action in that district.

**2. Pelican Bay Defendants**

The complaint will be dismissed with leave to amend, for the reasons stated below. Plaintiff lists the following Pelican Bay defendants: (a.) Nnenna Ikegbu, a doctor; (b.) Donna Jacobsen, a doctor; (c.) Michael Sayre, Chief Medical Officer; (d.) Maureen McLean, another medical officer; (e.) Rickie Lee Strawn, a nurse; (f.) S. Smedley, a nurse; (g.) C. Tinoshenko, a nurse; (8) H. Williams, a nurse; and (h.) H. McAlexander, a nurse.

**(a.)     Nnenna Ikegbu**

Liberally construed, his claim against Ikegbu is cognizable under § 1983. Plaintiff must, however, reallege this claim with specific facts in his amended complaint. If he fails to do so, the Court will deem the claim waived.

**(b.)     Donna Jacobsen**

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

His allegations against Donna Jacobsen do not state a claim under this standard. His alleges that Jacobsen provided him with a pillow to elevate his injured leg, a bottom bunk assignment, a brace, and a ground floor housing chrono. (Compl. at 12.) Not only do these allegations fail to state a claim for deliberate indifference, they actually show that he received appropriate and constitutionally adequate care. Accordingly, his claims against Jacobsen are DISMISSED with leave to amend.

**(c.)     Michael Sayre**

"A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

3

perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)).  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  *Id.*

Plaintiff fails to state why Sayre is liable for deliberate indifference.  In the complaint, he alleges only that Sayre ruled on one of plaintiff's prison grievances.  (Compl. at 15.)  This is not sufficient to state a claim that Sayre knew plaintiff faced a risk of serious harm and failed to act.  Accordingly, this claim is DISMISSED with leave to amend.  In his amended complaint, plaintiff must set for specific facts tying Sayre to a constitutional violation, or his claim will not survive screening.

The Court assumes that plaintiff names Sayre also because he may be liable as supervisor.  However, there is no respondeat superior liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not enough that a supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–52 (2009).  In order for any claim against Sayre to survive review, plaintiff must allege specific facts linking the supervisory defendant to the actions of the other defendants.

**(d.)   Maureen McLean and (e.) Rickie Lee Strawn**

Plaintiff's undetailed allegations fail to meet the specificity requirements of *Leer* as to these defendants.  Specifically, plaintiff's complaint lacks any specific factual allegations tying Maureen Mclean or Rickie Lee Strawn to any constitutional violation.  Accordingly, his claims against Mclean and Strawn are DISMISSED with leave to amend.  In his amended complaint, plaintiff's allegations must meet the requirements of *Leer* in

4

order to survive review.

### (f.) S. Smedley

Plaintiff alleges that Smedley partially granted his prison grievance, which means that Smedley approved whatever treatment plaintiff sought. (Compl. at 17-18.) This does not state a claim for deliberate indifference. He alleges that "no treatment was forthcoming," but does not provide any specific facts tying Smedley to this lack of treatment. This claim is DISMISSED with leave to amend.

### (g.) C. Tinoshenko

Plaintiff alleges that Tinoshenko said that she would speak to the doctors about getting stronger pain medication for him, and that she provided him with ibuprofen and Tylenol-3. (Compl. at 11-12.) This does not state a claim for deliberate indifference. Rather, these allegations show that Tinoshenko provided reasonable and timely treatment. This claim is DISMISSED with leave to amend.

### (h.) H. Williams

Plaintiff alleges that Williams examined him and on another occasion yelled at him that he had an appointment with a doctor. (Compl. 11 & 15.) While Williams may have been rude, these allegations do not show deliberate indifference. This claim is DISMISSED with leave to amend.

### (i.) H. McAlexander

Plaintiff alleges that McAlexander told him that his x-rays showed that his foot had not healed. (Compl. at 16.) This does not state a claim for deliberate indifference. This claim is DISMISSED with leave to amend.

## CONCLUSION

The complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint on or before January 25, 2015. The first amended complaint must include the caption and civil case number used in this order (14-3651 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints,

plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue — this includes that claim against Ikegbu found cognizable above. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff's motion for the appointment of counsel (Docket No. 4) is DENIED without prejudice. He may refile this motion along with his amended complaint. The Clerk shall terminate Docket No. 4.

**IT IS SO ORDERED.**

**Dated:** December 15, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

1
2
3
4      UNITED STATES DISTRICT COURT
5      NORTHERN DISTRICT OF CALIFORNIA
6
7  VICTOR M. ACUNA,
                                                Case No.  14-cv-03651-JCS
         Plaintiff,
8
   v.
                                                **CERTIFICATE OF SERVICE**
9
   NNENNA IKEGBU, et al.,
10
         Defendants.
11

12     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13
14     That on 12/15/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
15
16

17  Victor M. Acuna ID: #:D-33299
    Pelican Bay State Prison
18  P.O. Box 7500, Housing: D2-216
    Crescent City, CA 95532
19

20

21  Dated: 12/15/2014

22
                                                Richard W. Wieking
23                                              Clerk, United States District Court

24
                                                By:_*Karen L. Hom*_____
25
                                                Karen Hom, Deputy Clerk to the
26                                              Honorable JOSEPH C. SPERO

27
28